OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on April 4, 1966, and formerly maintained an office for the practice of law in the District of Columbia. By order of the District of Columbia Court of Appeals, entered August 23, 2012, respondent was disbarred on consent, effective October 1, 2012 (Matter of Allen, 50 A3d 508 [2012]). On April 26, 2013, the Grievance Committee filed with this Court a certified copy of the order of the District of Columbia Court of Appeals and, by order entered May 21, 2013, this Court directed respondent to appear and show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed a written response to the order to show cause, and he subsequently appeared before this Court and was heard in mitigation.
Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find “that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct, or, that the imposition of discipline would be unjust.” In this case, in response to the order to show cause, respondent contends that he was deprived of due process of law in the District of Columbia proceeding and that the imposition of reciprocal discipline by this Court would be unjust. In support of those contentions, respondent states, inter alia, that he “thoroughly refuted” certain of the allegations of misconduct in the District of Columbia proceeding and that, at the time he consented to disbarment, he was suffering from depression, which affected his judgment.
We find that respondent was not deprived of due process of law in the District of Columbia proceeding, which arose from two client complaints. Respondent was given notice of the charges against him and was afforded the opportunity to be heard in response thereto. Respondent ultimately consented to disbarment on the advice of his counsel after a full hearing on one of the pending client complaints and following the testimony of the complainant with respect to the other pending complaint.
We agree with respondent, however, that the imposition of the sanction of reciprocal disbarment would be unjust under the *227 circumstances of this case, particularly considering the nature of the conduct that provided the basis for respondent’s consent to disbarment in the District of Columbia and his statement that his depression contributed to his decision to consent to disbarment.
Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of two years and until further order of this Court, effective immediately, without leave to apply for reinstatement until such time as he has been reinstated to the practice of law in the District of Columbia.
Smith, J.P., Fahey, Carni, Sconiers and Valentino, JJ., concur.
Order of suspension entered.